# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**   **2. PLEASE TYPE OR PRINT**   **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Yang v. Mic Network Inc. | S.D.N.Y. | Hon. Alison J. Nathan |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| | 9/24 - 9/25/19 | 1:18-cv-07628-AJN |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | 12/07/20 | ☐ Yes  ☑ No |

**Attorney(s) for Appellant(s):**
☑ Plaintiff
☐ Defendant

Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:

James H. Freeman, 11 Sunrise Plaza, Ste. 305, Valley Stream, NY 11580
(516) 233-1660, jf@liebowitzlawfirm.com

**Attorney(s) for Appellee(s):**
☐ Plaintiff
☑ Defendant

Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:

Eleanor Martine Lackman, Mitchell Silberberg & Knupp LLC
437 Madison Avenue, 25th Floor, New York, NY 10022
(212) 509-3900, eml@msk.com, Fax (212) 509-3900

| Has Transcript Been Prepared?  N/A | Approx. Number of Transcript Pages:  N/A | Number of Exhibits Appended to Transcript:  0 | Has this matter been before this Circuit previously? ☐ Yes ☑ No  If Yes, provide the following:  Case Name:  2d Cir. Docket No.:   Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION;  (2) THE RESULT BELOW;  (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party | ☑ Final Decision |
| ☐ Diversity | ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) | ☐ Interlocutory Decision Appealable As of Right |
| ☐ Other (specify): _____ | ☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

- [x] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [x] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal

- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [x] Damages:
  - [x] Sought: $ _statutory_
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____

- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [x] Copyright ☐ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?
- [x] Yes
- [ ] No

Will appeal raise a matter of first impression?
- [x] Yes
- [ ] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [x] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [x] No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

| Date: 12/21/20 | Signature of Counsel of Record: /s/jameshfreeman/ |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

STEPHEN YANG

                     Plaintiff-Appellant,

    - against -

MIC NETWORK INC.

                 Defendant-Appellee.

Case No. 20-4097

**<u>FORM C –</u>**

**<u>ADDENDUMS "A" AND "B"</u>**

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

# ADDENDUM "A"

## Description of the Nature of the Action

This is a one-count action for copyright infringement under 17 U.S.C. § 501.

Plaintiff-Appellant Stephen Yang ("Yang") is a New York-based professional photographer and the copyright owner of a photograph of a finance professional named Dan Rochkind (the "Photograph").  At all relevant times, Defendant-Appellee Mic Network Inc. ("Mic Network") was a sophisticated media outfit which operated the for-profit website www.Mic.com.  (Mic Network has since been acquired by a third-party media company).

Yang licensed the Photograph to the New York Post, which published an article called "*Why I Don't Date Hot Women Anymore*."  Yang was attributed as the author of the Photograph in a gutter credit.  The New York Post article sparked widespread controversy and went "viral."  Yang sued at least nine other media companies in this Circuit for using the Photograph without his authorization, demonstrating a widespread demand for the Photograph.

Yang alleges that Mic Network infringed his copyright to the Photograph by displaying it as the banner image on Mic Network's website in an article entitled *Twitter is Skewering The New York Post for a Piece on Why Man Won't Date Hot Women*. Despite the fact that the Photograph was commercially available for license, Mic Network did not obtain a license from Yang and did not credit him.

Defendant claims that its non-licensed use of the Photograph is privileged under the fair use doctrine, 17 U.S.C. § 107 because Mic Network was reporting on a public

controversy and offering critique of the New York Post article. But Mic Network could have simply provided a hyperlink to the original New York Post article to identify the article and did not need the Photograph other than to show Rochkind's physical appearance.

**The Result Below**

On September 24, 2019, the District Court dismissed Yang's infringement claim as a matter of law after finding that Mic Network made fair use of the Photograph under 17 U.S.C. § 107. Specifically, the District Court determined that the secondary use was transformative because Mic Network used a "composite screenshot" of the New York Post article to identify the subject of the controversy. The District Court also found that Mic Network was entitled to criticize Rochkind himself (the subject depicted in the Photograph) as "satirical commentary". However, the District Court also found that it was plausible that Mic Network acted in bad faith by removing Yang's attribution.

The District Court held that the second factor cut in Yang's favor, but the third and fourth factor favored Mic Network. With respect to the fourth factor, the District Court determined that a "composite screenshot" of the New York Post article would not compete with or usurp the market for the Photograph as a stand alone image. In totality, the District Court determined that Mic Nework's use was privileged as a matter of law.

On November 9, 2020, the District Court denied Yang's motion for reconsideration and also denied Mic Network's motion for attorneys' fees given that this case raises novel issues of first impression, among other reasons.

**Attachments**

1.  Notice of Appeal, dated December 7, 2020 – **Exhibit A**

2.  The District Court Docket Sheet (Judge Alison J. Nathan), accessed December 21, 2021 – **<u>Exhibit B</u>**

3.  Relevant Opinions / Orders Forming the Basis for This Appeal

    a.  September 24, 2019 Order which dismissed Yang's claim for copyright infringement in violation of 17 U.S.C. § 501 - **<u>Exhibit C</u>**

    b.  November 9, 2020 Order which denied Yang's motion for reconsideration and denied Mic Network's motion for attorneys' fees - **<u>Exhibit D</u>**

## ADDENDUM "B"

Plaintiff currently intends to raise at least the following issues on appeal, without prejudice to its right to raise different or additional issues.

1. Whether the District Court erred by dismissing Count I for copyright infringement by determining that Mic Network made fair use of the Photograph under 17 U.S.C. § 107.  The appellate standard of review is *de novo.*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHEN YANG | 1:18-cv-07628 (AJN) |
| Plaintiff, | ECF Case |
| - against – | |
| | **NOTICE OF APPEAL** |
| MIC NETWORK INC. | |
| Defendant. | |

      **NOTICE** is hereby given that plaintiff Stephen Yang ("Plaintiff") in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Order signed by Honorable Alison J. Nathan (U.S.D.J.) on September 24, 2019 which dismissed Plaintiff's claim against Defendant Mic Network, Inc. on grounds of fair use, 17 U.S.C. §107 [Docket No. 26] and Clerk's Judgment entered on September 25, 2019. [Docket No. 27]

Dated: December 7, 2020
Valley Stream, New York

                                        Respectfully Submitted:

                                        **s/jameshfreeman/**
                                        By:  James H. Freeman
                                        LIEBOWITZ LAW FIRM, PLLC
                                        11 Sunrise Plaza, Ste. 305
                                        Valley Stream, NY 11580
                                        (516) 233-1660
                                        F: (516) 612-2740
                                        jf@LiebowitzLawFirm.com

                                        *Counsel for Plaintiff*

TO:

Eleanor Martine Lackman
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Avenue
25th Floor
New York, NY 10022
212-509-3900
Email: eml@msk.com

# EXHIBIT B

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:18-cv-07628-AJN

Yang v. Mic Network Inc.
Assigned to: Judge Alison J. Nathan
Cause: 17:101 Copyright Infringement

Date Filed: 08/21/2018
Date Terminated: 09/25/2019
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Stephen Yang**　　　　　represented by　**Richard Liebowitz**
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 301
Suite 305
Valleystream, NY 11580
516-233-1660
Email:
RL@LiebowitzLawFirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James H. Freeman**
Liebowitz Law Firm, PLLC
11 Sunrise Plaza #305
Valley Stream, NY 11580
(516) 233-1660
Fax: (516) 612-2740
Email: jf@liebowitzlawfirm.com
*ATTORNEY TO BE NOTICED*

**Joseph Anthony Dunne**
SRIPLAW, PLLC
125 Maiden Lane
Suite 5c
New York, NY 10038

929-200-8446
Fax: 561-404-4353
Email: joedunnelaw@gmail.com
*ATTORNEY TO BE NOTICED*

## V.

## **Defendant**

**Mic Network Inc.**                    represented by **Eleanor Martine Lackman**
Mitchell Silberberg & Knupp
LLP
437 Madison Avenue
25th Floor
New York, NY 10022
212-509-3900
Email: eml@msk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsay Rebecca Edelstein**
Cowan, DeBaets, Abrahams &
Sheppard LLP
41 Madison Avenue, 38th Floor
New York, NY 10010
(914)-396-6480
Email: LEdelstein@cdas.com
*TERMINATED: 08/04/2020*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/21/2018 | 1 | COMPLAINT against Mic Network Inc.. (Filing Fee $ 400.00, Receipt Number 0208-15479199)Document filed by Stephen Yang. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Dunne, Joseph) (Entered: 08/21/2018) |
| 08/21/2018 | 2 | REQUEST FOR ISSUANCE OF SUMMONS as to Mic Network Inc., re: 1 Complaint. Document filed by Stephen Yang. (Dunne, Joseph) (Entered: 08/21/2018) |

| | | |
|---|---|---|
| 08/21/2018 | [3](#) | AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review.(Dunne, Joseph) (Entered: 08/21/2018) |
| 08/21/2018 | [4](#) | CIVIL COVER SHEET filed. (Dunne, Joseph) (Entered: 08/21/2018) |
| 08/22/2018 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Alison J. Nathan. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (jgo) (Entered: 08/22/2018) |
| 08/22/2018 | | Magistrate Judge Henry B. Pitman is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (jgo) (Entered: 08/22/2018) |
| 08/22/2018 | | Case Designated ECF. (jgo) (Entered: 08/22/2018) |
| 08/22/2018 | [5](#) | ELECTRONIC SUMMONS ISSUED as to Mic Network Inc.. (jgo) (Entered: 08/22/2018) |
| 08/22/2018 | [6](#) | AO 121 FORM COPYRIGHT - CASE OPENING - SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (jgo) (Entered: 08/22/2018) |
| 08/22/2018 | [7](#) | NOTICE OF INITIAL PRETRIAL CONFERENCE: Initial Conference set for 1/11/2019 at 02:15 PM in Courtroom 906, 40 Centre Street, New York, NY 10007 before Judge Alison J. Nathan. (As further set forth in this Order.) Parties ordered to submit via ECF proposed case management plan and joint letter seven days before conference. (Signed by Judge Alison J. Nathan |

| | | |
|---|---|---|
| | | on 8/22/2018) (cf) (Entered: 08/23/2018) |
| 08/24/2018 | 8 | NOTICE OF APPEARANCE by Richard Liebowitz on behalf of Stephen Yang. (Liebowitz, Richard) (Entered: 08/24/2018) |
| 09/27/2018 | 9 | NOTICE OF APPEARANCE by Eleanor Martine Lackman on behalf of Mic Network Inc.. (Lackman, Eleanor) (Entered: 09/27/2018) |
| 09/27/2018 | 10 | LETTER MOTION for Extension of Time to File Answer re: 1 Complaint addressed to Judge Alison J. Nathan from Eleanor M. Lackman dated 09/27/2018. Document filed by Mic Network Inc.. (Lackman, Eleanor) (Entered: 09/27/2018) |
| 10/01/2018 | 11 | ORDER granting 10 Letter Motion for Extension of Time to Answer. SO ORDERED. (Mic Network Inc. answer due 11/1/2018) (Signed by Judge Alison J. Nathan on 9/30/2018) (jca) (Entered: 10/01/2018) |
| 11/01/2018 | 12 | MOTION to Dismiss . Document filed by Mic Network Inc.. (Lackman, Eleanor) (Entered: 11/01/2018) |
| 11/01/2018 | 13 | MEMORANDUM OF LAW in Support re: 12 MOTION to Dismiss . . Document filed by Mic Network Inc.. (Lackman, Eleanor) (Entered: 11/01/2018) |
| 11/01/2018 | 14 | DECLARATION of Eleanor M. Lackman in Support re: 12 MOTION to Dismiss .. Document filed by Mic Network Inc.. (Attachments: # 1 Exhibit A to Declaration of Eleanor M. Lackman, # 2 Exhibit B to Declaration of Eleanor M. Lackman, # 3 Exhibit C to Declaration of Eleanor M. Lackman)(Lackman, Eleanor) (Entered: 11/01/2018) |
| 11/05/2018 | 15 | ORDER: On November 1, 2018, Defendant Mic Network, Inc., filed a motion to dismiss. Pursuant to Rule 3.F of this Court's Individual Practices in Civil Cases, on or before November 12, 2018, Plaintiff must notify the Court and its adversary in writing whether (1) it intends to file an amended pleading and when it will do so or (2) it will rely on the pleading being attacked, as further set forth in this order. The initial pretrial conference scheduled for January 11, 2019, is adjourned pending resolution of this motion. (Signed by Judge Alison J. Nathan on 11/2/2018) (jwh) (Entered: 11/05/2018) |

| 11/12/2018 | 16 | NOTICE of Of Intent to File Amended Complaint re: 15 Order,,. Document filed by Stephen Yang. (Dunne, Joseph) (Entered: 11/12/2018) |
| 11/21/2018 | 17 | FIRST AMENDED COMPLAINT amending 1 Complaint against Mic Network Inc. with JURY DEMAND.Document filed by Stephen Yang. Related document: 1 Complaint. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Dunne, Joseph) (Entered: 11/21/2018) |
| 11/27/2018 | 18 | NOTICE OF APPEARANCE by Lindsay Rebecca Edelstein on behalf of Mic Network Inc.. (Edelstein, Lindsay) (Entered: 11/27/2018) |
| 12/05/2018 | 19 | MOTION to Dismiss *Plaintiff Stephen Yang's First Amended Complaint dated November 21, 2018* 17 . Document filed by Mic Network Inc..(Lackman, Eleanor) (Entered: 12/05/2018) |
| 12/05/2018 | 20 | MEMORANDUM OF LAW in Support re: 19 MOTION to Dismiss *Plaintiff Stephen Yang's First Amended Complaint dated November 21, 2018* 17 . . Document filed by Mic Network Inc.. (Lackman, Eleanor) (Entered: 12/05/2018) |
| 12/05/2018 | 21 | DECLARATION of Eleanor M. Lackman in Support re: 19 MOTION to Dismiss *Plaintiff Stephen Yang's First Amended Complaint dated November 21, 2018* 17 .. Document filed by Mic Network Inc.. (Attachments: # 1 Exhibit A to the Declaration of Eleanor M. Lackman, # 2 Exhibit B to the Declaration of Eleanor M. Lackman, # 3 Exhibit C to the Declaration of Eleanor M. Lackman)(Lackman, Eleanor) (Entered: 12/05/2018) |
| 12/19/2018 | 22 | MEMORANDUM OF LAW in Opposition re: 19 MOTION to Dismiss *Plaintiff Stephen Yang's First Amended Complaint dated November 21, 2018* 17 . . Document filed by Stephen Yang. (Dunne, Joseph) (Entered: 12/19/2018) |
| 12/21/2018 | 23 | LETTER MOTION for Extension of Time to File Response/Reply as to 19 MOTION to Dismiss *Plaintiff Stephen Yang's First Amended Complaint dated November 21, 2018* 17 ., 20 Memorandum of Law in Support of Motion, 21 Declaration in Support of Motion, addressed to Judge Alison J. Nathan from Eleanor M. Lackman dated 12/21/2018. Document filed by Mic Network Inc..(Lackman, Eleanor) (Entered: 12/21/2018) |

| | | |
|---|---|---|
| 12/21/2018 | 24 | ORDER granting 23 Letter Motion for Extension of Time to File Response/Reply. SO ORDERED. Replies due by 1/7/2019. (Signed by Judge Alison J. Nathan on 12/21/2018) (cf) (Entered: 12/21/2018) |
| 01/07/2019 | 25 | REPLY MEMORANDUM OF LAW in Support re: 19 MOTION to Dismiss *Plaintiff Stephen Yang's First Amended Complaint dated November 21, 2018 17* . . Document filed by Mic Network Inc.. (Lackman, Eleanor) (Entered: 01/07/2019) |
| 09/24/2019 | 26 | OPINION & ORDER re: 19 MOTION to Dismiss *Plaintiff Stephen Yang's First Amended Complaint dated November 21, 2018 17* filed by Mic Network Inc., 12 MOTION to Dismiss filed by Mic Network Inc. For the reasons given above, the Court hereby GRANTS Defendant's motion to dismiss. Plaintiff has already amended its claims once in response to Defendant's initial motion, which pressed the same arguments as those raised here. Dkt. No. 12. Moreover, Plaintiff has not requested an opportunity to amend nor stated what amendments, if any, he would seek to make. For those reasons, this dismissal is with prejudice. See Gallop v. Cheney, 642 F.3d 364,369 (2d Cir. 2011 ). This resolves docket item number 19. The Clerk of Court is directed to enter judgment and close the case. (Signed by Judge Alison J. Nathan on 9/23/2019) (mro) Transmission to Orders and Judgments Clerk for processing. (Entered: 09/24/2019) |
| 09/25/2019 | 27 | CLERK'S JUDGMENT re: 26 Memorandum & Opinion in favor of Mic Network Inc. against Stephen Yang. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion & Order dated September 24, 2019, Defendant's motion to dismiss is GRANTED. Plaintiff has already amended its claims once in response to Defendant's initial motion, which pressed the same arguments as those raised here. Moreover, Plaintiff has not requested an opportunity to amend nor stated what amendments, if any, he would seek to make. For those reasons, this dismissal is with prejudice; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 9/25/2019) (Attachments: # 1 Right to Appeal)(km) (Entered: 09/25/2019) |
| 10/08/2019 | 28 | MOTION for Reconsideration re; 26 Memorandum & Opinion,,, . Document filed by Stephen Yang.(Liebowitz, Richard) (Entered: |

| | | |
|---|---|---|
| | | 10/08/2019) |
| 10/08/2019 | 29 | MEMORANDUM OF LAW in Support re: 28 MOTION for Reconsideration re; 26 Memorandum & Opinion,,, . . Document filed by Stephen Yang. (Liebowitz, Richard) (Entered: 10/08/2019) |
| 10/09/2019 | 30 | MOTION for Attorney Fees *and Sanctions*. Document filed by Mic Network Inc..(Lackman, Eleanor) (Entered: 10/09/2019) |
| 10/09/2019 | 31 | MEMORANDUM OF LAW in Support re: 30 MOTION for Attorney Fees *and Sanctions*. . Document filed by Mic Network Inc.. (Lackman, Eleanor) (Entered: 10/09/2019) |
| 10/09/2019 | 32 | DECLARATION of Eleanor M. Lackman in Support re: 30 MOTION for Attorney Fees *and Sanctions*.. Document filed by Mic Network Inc.. (Attachments: # 1 Exhibit A to the Declaration of Eleanor M. Lackman)(Lackman, Eleanor) (Entered: 10/09/2019) |
| 10/18/2019 | 33 | MEMORANDUM OF LAW in Opposition re: 28 MOTION for Reconsideration re; 26 Memorandum & Opinion,,, . . Document filed by Mic Network Inc.. (Lackman, Eleanor) (Entered: 10/18/2019) |
| 10/23/2019 | 34 | MEMORANDUM OF LAW in Opposition re: 30 MOTION for Attorney Fees *and Sanctions*. . Document filed by Stephen Yang. (Attachments: # 1 Exhibit A: Judge Batts' Decision on Attorneys' Fees in Rudkowski v. Mic Network, Inc.)(Liebowitz, Richard) (Entered: 10/23/2019) |
| 10/24/2019 | 35 | LETTER MOTION for Extension of Time to File Response/Reply as to 30 MOTION for Attorney Fees *and Sanctions*. addressed to Judge Alison J. Nathan from Eleanor M. Lackman, Esq. dated October 24, 2019. Document filed by Mic Network Inc.. (Lackman, Eleanor) (Entered: 10/24/2019) |
| 10/25/2019 | 36 | ORDER granting 35 Letter Motion for Extension of Time to File Response/Reply. SO ORDERED. Replies due by 11/13/2019. (Signed by Judge Alison J. Nathan on 10/25/2019) (cf) (Entered: 10/25/2019) |
| 10/25/2019 | 37 | REPLY MEMORANDUM OF LAW in Support re: 28 MOTION for Reconsideration re; 26 Memorandum & Opinion,,, . . |

| | | |
|---|---|---|
| | | Document filed by Stephen Yang. (Liebowitz, Richard) (Entered: 10/25/2019) |
| 11/13/2019 | 38 | REPLY MEMORANDUM OF LAW in Support re: 30 MOTION for Attorney Fees *and Sanctions*. . Document filed by Mic Network Inc.. (Lackman, Eleanor) (Entered: 11/13/2019) |
| 07/29/2020 | 39 | LETTER addressed to Judge Alison J. Nathan from Eleanor M. Lackman dated July 29, 2020 Document filed by Mic Network Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Lackman, Eleanor) (Entered: 07/29/2020) |
| 07/30/2020 | 40 | MOTION for Lindsay R. Edelstein to Withdraw as Attorney . Document filed by Mic Network Inc...(Edelstein, Lindsay) (Entered: 07/30/2020) |
| 08/03/2020 | 41 | MOTION to Strike Document No. 39 . Document filed by Stephen Yang. Responses due by 8/17/2020.(Liebowitz, Richard) (Entered: 08/03/2020) |
| 08/03/2020 | 42 | MEMORANDUM OF LAW in Support re: 41 MOTION to Strike Document No. 39 . . Document filed by Stephen Yang.. (Liebowitz, Richard) (Entered: 08/03/2020) |
| 08/03/2020 | 43 | DECLARATION of Richard Liebowitz in Support re: 41 MOTION to Strike Document No. 39 .. Document filed by Stephen Yang..(Liebowitz, Richard) (Entered: 08/03/2020) |
| 08/03/2020 | 44 | NOTICE of Order. Document filed by Stephen Yang..(Liebowitz, Richard) (Entered: 08/03/2020) |
| 08/04/2020 | 45 | MEMO ENDORSEMENT granting 40 MOTION for Lindsay R. Edelstein to Withdraw as Attorney. ENDORSEMENT: SO ORDERED. Attorney Lindsay Rebecca Edelstein terminated. (Signed by Judge Alison J. Nathan on 8/4/2020) (jca) (Entered: 08/05/2020) |
| 11/09/2020 | 46 | OPINION AND ORDER. For the reasons stated above, Plaintiff's motion for reconsideration is DENIED. This resolves Dkt. No. 28. Moreover, Defendant's motion for attorney's fees and sanctions is also DENIED. This resolves Dkt. No. 30. And Plaintiff's motion to strike Defendant's July 29, 2020 filing, Dkt. No. 39, is DENIED as moot. This resolves Dkt. No. 41. SO ORDERED. re: 30 MOTION for Attorney Fees *and Sanctions* filed by Mic Network Inc.. 41 |

| | | |
|---|---|---|
| | | MOTION to Strike Document No. 39 filed by Stephen Yang. 28 MOTION for Reconsideration re; 26 Memorandum & Opinion filed by Stephen Yang. (Signed by Judge Alison J. Nathan on 11/9/2020) (rjm) (Entered: 11/09/2020) |
| 12/07/2020 | 47 | NOTICE OF APPEARANCE by James H. Freeman on behalf of Stephen Yang..(Freeman, James) (Entered: 12/07/2020) |
| 12/07/2020 | 48 | NOTICE OF APPEAL from 27 Clerk's Judgment,, 26 Memorandum & Opinion,,,,. Document filed by Stephen Yang. Filing fee $ 505.00, receipt number ANYSDC-22922781. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Freeman, James) (Entered: 12/07/2020) |
| 12/08/2020 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 48 Notice of Appeal. (tp) (Entered: 12/08/2020) |
| 12/08/2020 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 48 Notice of Appeal, filed by Stephen Yang were transmitted to the U.S. Court of Appeals. (tp) (Entered: 12/08/2020) |
| 12/21/2020 | 49 | NOTICE OF CROSS APPEAL. Document filed by Mic Network Inc.. Filing fee $ 505.00, receipt number ANYSDC-23126833. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Lackman, Eleanor) (Entered: 12/21/2020) |
| 12/21/2020 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 49 Notice of Cross Appeal..(nd) (Entered: 12/21/2020) |
| 12/21/2020 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 49 Notice of Cross Appeal filed by Mic Network Inc. were transmitted to the U.S. Court of Appeals..(nd) (Entered: 12/21/2020) |

## PACER Service Center

### Transaction Receipt

12/21/2020 21:10:27

| PACER Login: | Jhfreeman25 | Client Code: | |
| --- | --- | --- | --- |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-07628-AJN |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP. 2 4 2019

Stephen Yang,

               Plaintiff,

      —v—

Mic Network, Inc.,

               Defendant.

18-CV-7628 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff brings this action for copyright infringement alleging unauthorized use of a licensed photograph. Defendant moves to dismiss. For the reasons given below, the motion is GRANTED.

## I.    BACKGROUND

The following facts are drawn from the allegations in Plaintiff's First Amended Complaint, which are taken as true at this stage of the litigation, as well attached exhibits and documents incorporated by reference. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (in resolving a motion to dismiss under Rule 12(b)(6), review is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference").

In April of 2017, Plaintiff took a photograph of Dan Rochkind (the "Photograph"). Dkt. No. 17 ¶ 7. The Photograph was then licensed to the *New York Post*, which ran an article on April 12, 2017 entitled *Why I Don't Date Hot Women Anymore* about Rochkind and his dating life (the "Post Article"). *Id.* ¶ 8; Dkt. No. 17-2. The Post Article featured the Photograph. Dkt. No. 17 ¶ 8. On or about April 13, 2017, Defendant posted an article entitled *Twitter is skewering*

*the 'New York Post' for a piece on why a man "won't date hot women*" (the "Mic Article"). Dkt.
No. 17-4. The Mic Article includes not the full Photograph, but rather a screenshot of the Post
Article, which includes the headline of the Post Article, the author's name and the date, and
roughly the top half of the photograph (the "Screenshot"). *Id.*; Dkt. No. 17 ¶¶ 11-12. Defendant
did not license the Photograph, nor did it have Plaintiff's permission or consent to publish the
Photograph. *Id.* ¶ 13.

On August 21, 2018, Plaintiff brought this suit for copyright infringement. Dkt. No. 1.
After Defendant filed a motion to dismiss, Plaintiff filed a First Amended Complaint. Dkt. No.
17. On December 5, 2018, Defendant filed the instant motion to dismiss the amended complaint
on the grounds that Defendant's use of the Photograph was protected by the fair use doctrine.
Dkt. No. 19.

## II.     LEGAL STANDARD

### A.     Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the
complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007). A claim achieves "facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is "not akin to a
'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted
unlawfully," *id.*, and if plaintiffs cannot "nudge[] their claims across the line from conceivable to
plausible, their complaint must be dismissed," *Twombly*, 550 U.S. at 570. "Plausibility . . .
depends on a host of considerations: the full factual picture presented by the complaint, the
particular cause of action and its elements, and the existence of alternative explanations so
obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy*,

*LLC*, 647 F.3d 419, 430 (2d Cir. 2011).  When considering a motion to dismiss under Rule 12(b)(6), "a court must accept as true all of the [factual] allegations contained in [the] complaint[.]" *Iqbal*, 556 U.S. at 678.  However, the court should not accept legal conclusions as true: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B.   Fair Use

"[T]he fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107.  To determine whether use of a work is fair, courts consider several factors: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." *Id.*; *see Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994).  In considering these factors, the "ultimate test of fair use . . . is whether the copyright law's goal of 'promoting the Progress of Science and useful Arts' . . . would be better served by allowing the use than by preventing it." *Cariou v. Prince*, 714 F.3d 694, 705 (2d Cir. 2013) (quoting *Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 141 (2d Cir. 1998)).

Fair use is an affirmative defense, and therefore Defendant bears the burden of showing that a given use is fair. *Authors Guild v. Google, Inc.*, 804 F.3d 202, 213 (2d Cir. 2015).  An affirmative defense may be "may be adjudicated" on a motion to dismiss "where the facts necessary to establish the defense are evident on the face of the complaint." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) (citing *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)).  Accordingly, when "the only two pieces of evidence needed to decide the question

of fair use" are "the original version" and the allegedly infringing version, it is proper to decide the issue on a motion to dismiss. *Cariou v. Prince*, 714 F.3d 694, 707 (2d Cir. 2013); *see also Clark v. Transp. Alts., Inc.*, No. 18-cv-9985 (VM), 2019 WL 1448448, at *2 (S.D.N.Y. Mar. 18, 2019) (dismissing an infringement claim based on fair use defense on a Rule 12(b)(6) motion); *May v. Sony Music Entm't*, No. 18-cv-2238 (LAK), 2019 WL 2450973, at *12 (S.D.N.Y. Feb. 13, 2019) (courts have adjudicated motions to dismiss based on a fair use defense "when discovery would not provide any additional relevant information and all that is necessary for the court to make a determination as to fair use are the two works at issue" (citing cases) (internal quotation marks and brackets omitted)); *Lombardo v. Dr. Seuss Enterprises, L.P.*, 279 F. Supp. 3d 497, 504 (S.D.N.Y. 2017), *aff'd*, 729 F. App'x 131 (2d Cir. 2018) ("Numerous courts in this district have resolved the issue of fair use on a motion for judgment on the pleadings by conducting a side-by-side comparison of the works at issue.").

## III.   DISCUSSION

Defendant moves to dismiss on the grounds that its use of the Photograph is protected by the fair use doctrine.  For the reasons given below, the Court concludes that it is possible to adjudicate this motion based solely on the two works at issue.  The Court analyzes each of the fair use factors in turn, while keeping in mind that the purpose of "[t]he fair use doctrine is . . . to protect secondary works that 'add[] value to the original,' that use the original work 'as raw material, transformed in creation of new information, new aesthetics, new insights and understandings.'"  *Oyewole v. Ora*, 291 F. Supp. 3d 422, 433 (S.D.N.Y. 2018) (quoting *Castle Rock*, 150 F.3d at 142).

### A.   Purpose and Character of Use

The first factor, "purpose and character of use," involves three sub-factors, which involve determining whether the use is: (1) transformative; (2) for commercial purposes; or (3) in bad

4

faith. *See NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 477-78 (2d Cir. 2004).  However, if the new

work is "substantially transformative," the "other factors, including commercialism, are of less

significance." *Blanch v. Koons*, 467 F.3d 244, 254 (2d Cir. 2006) (internal quotation marks and

brackets omitted).  The Court examines these sub-factors in turn and concludes that even

drawing all available inferences in Plaintiff's favor, this factor strongly favors a finding of fair

use.

### 1.    Defendant's Use of the Photograph Is Transformative

As to whether a secondary use is transformative, "[t]he central purpose of this

investigation is to see . . . whether the new work merely supersedes the objects of the original

creation . . . or instead adds something new, with a further purpose or different character, altering

the first with new expression, meaning, or message." *Campbell v. Acuff-Rose Music, Inc.*, 510

U.S. 569, 579 (1994) (internal quotation marks and brackets omitted).  "[C]opying from an

original for the purpose of criticism or commentary on the original or provision of information

about it, tends most clearly to satisfy *Campbell*'s notion of the 'transformative' purpose involved

in the analysis of Factor One." *Authors Guild*, 804 F.3d at 215–16 (footnotes omitted).  Thus,

"[d]isplay of a copyrighted image or video may be transformative where the use serves to

illustrate criticism, commentary, or a news story *about* that work." *Barcroft Media, Ltd. v. Coed

Media Grp.*, LLC, 297 F. Supp. 3d 339, 352 (S.D.N.Y. 2017).  On the other hand, if a

photograph is merely used as an "illustrative aid" that "depict[s] the subjects described in [an]

article[]," this does not constitute transformative use. *Id.* at 352.

Applying that standard, even drawing all available inferences in Plaintiff's favor, Mic's

use of the Photograph was transformative in three ways.

First, it is clear from the face of the Mic Article that it was using the Screenshot to

identify the subject of controversy—the Post Article—and to illustrate why the article has been controversial.  Using a portion of an original work to identify and inform viewers about the subject of a controversy can constitute transformative use.  For example, a "news report about a video that has gone viral on the Internet might fairly display a screenshot or clip from that video to illustrate what all the fuss is about." *Barcroft Media*, LLC, 297 F. Supp. 3d at 352 (citing *Konangataa v. Am. Broadcastingcompanies, Inc.*, No. 16-CV-7382 (LAK), 2017 WL 2684067, at *1 (S.D.N.Y. June 21, 2017)).  Similarly, "depiction of a controversial photograph" could be fair use as accompaniment to commentary about the controversy or criticism of the photograph. *Id.*  (citing *Nunez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 25 (1st Cir. 2000)).  This is the case here.

The title of the Mic Article, *Twitter is skewering the 'New York Post' for a piece on why a man "won't date hot women,"* immediately informs that the subject is the backlash to the Post Article.  In a similar case involving a Post article, the fact that the original photograph was not reproduced "as a standalone image, but as part of [a] composite image that showed the manner in which the Post Article's headline, author byline, and the Photograph were arranged on the Post's website indicates that it is being used to identify the subject as the Post Article itself." *Clark*, 2019 WL 1448448, at *3–4.  The Mic Article itself consists in large part of embedded tweets criticizing the Post Article, the way the Post Article presents Rochkind, and Rochkind himself.  One of the embedded tweets, commenting on the Photograph, writes "[s]orry ladies but you just lost your chance with Mr. February from my Passably Hot Substitute Teachers calendar." Dkt. 17-4 at 4.  This not only pokes fun at Rochkind as he is depicted in the Photograph, but also the idea that his opinions on "hot women" would be reported seriously in the way that the Post has done.  Another tweet, commenting on a different photo from the Post Article, states that the

photo's "caption is so savagely written[,] this has to be a piece of satire." Dkt. 17-4 at 5.  In this context, the Photograph is used "to illustrate what all the fuss is about," *Barcroft Media*, 297 F. Supp. 3d at 352, namely the Post Article and its depiction of Rochkind.  This is a different use of the Photograph than the Post's, which was "news reporting on [Rochkind]." Dkt. No. 22 at 10. To the extent that the Photograph was used as part of the composite Screenshot to identify the Post Article itself, it indisputably constitutes a different use than its original purpose.

Second, it is clear from the face of the Mic Article that it does more than just comment on the controversy; it uses the Screenshot as part of its own criticism of the Post Article.  In a recent case in which a blog used a composite screenshot of a news article—as here, the composite included the headline of the article, the author byline, and the photograph at issue—to criticize the original article, Judge Marrero held as a matter of law that this use was transformative as the photograph "is no longer just a depiction of a [the original subject] but a sly barb at the [original article's] sloppy journalism." *Clark*, 2019 WL 1448448, at *3.  Similarly, the Mic Article mocks the Post's presentation of the subject, using the Screenshot to both identify the target of its criticism and as a basis for criticism.  The Screenshot juxtaposes the photograph of an individual whose appearance the article mocks with a headline sincerely proclaiming that this man "won't date hot women," Dkt. 17-4 at 2-4, as an attempt to "emphasize[] the humorous incongruity of the Post's decision to run the Photograph" in the way it did.  *Clark*, 2019 WL 1448448, at *3. The Mic Article goes on to criticize the Post Article in a number of other ways, mocking the way the Post refers to Rochkind's fiancée as "merely beautiful" rather than "hot," Dkt. No. 17-4 at 2, and launching jabs at the Post for transmitting Rochkind's self-presentation at face value, *id.* ("The 40-year old Upper West Side resident humbly told the Post there was a time when he could have anyone he wanted, which meant he always went after the 'hottest girl you could

find.'"). Accordingly, "the Photograph is no longer just a depiction of [the subject]," but a vehicle for criticizing the Post Article and identifying it as the target of this criticism. *Clark*, 2019 WL 1448448, at *3. This brand of "[m]edia criticism is not the same purpose as the Photograph was originally intended to be used." *Id.* (quoting *Barcroft Media*, 297 F. Supp. 3d at 351-52 (internal quotation marks omitted)). In this manner, Defendant's use "add[ed] something new, with a further purpose or different character, altering the first [work] with new expression, meaning, or message." *Id.* (quoting *Campbell*, 510 U.S. at 579 (1994)).

Third, on its face, the Mic Article uses the Photograph to place Rochkind in a harshly negative light, while the original use of the Photograph placed him in a positive, or at least neutral light. "In the context of news reporting and analogous activities" and the "reproduct[ion] [of] a work without alteration . . . [c]ourts often find such uses transformative by emphasizing the altered purpose or context of the work, as evidenced by surrounding commentary or criticism." *See Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 84 (2d Cir. 2014). Accordingly, several courts have held as a matter of law that it is transformative to take a photograph initially used to simply identify someone or show them in a positive light and use it in a critical manner. *See Katz v. Google Inc.*, 802 F.3d 1178, 1182–83 (11th Cir. 2015) (holding that defendant's "use of the Photo was transformative because, in the context of the blog post's surrounding commentary, [defendant] used [plaintiff's] purportedly 'ugly' and 'compromising' appearance to ridicule and satirize his character"); *Weinberg v. Dirty World, LLC*, No. 16-cv-9179 (GW), 2017 WL 5665023, at *5-10, 13 (C.D. Cal. July 27, 2017) (use of photo was transformative in part because "[r]ather than using the photo to merely identify Plaintiff or his wife, as Plaintiff did on her Facebook profile page . . . the entire Post uses the Video Image as part of a direct critique on Plaintiff's wife's appearance, her status as a model, her husband, and

8

her relationship with her husband."); *Dhillon v. Does 1-10*, No. 13-cv-01465 (SI), 2014 WL 722592, at *3-6 (N.D. Cal. Feb. 25, 2014) (use was transformative when picture was originally taken to depict plaintiff in a positive light, then used "as part of [defendant's] criticism of, and commentary on, the plaintiff's politics"). Even while this use comes closest to the Post's original use of the Photograph—depicting Rochkind—using the Photograph to criticize Rochkind is a reframing of the "meaning[] or message" of the work. *Campbell*, 510 U.S. at 579. In the original, the posed photograph dominates the page, accompanied by text describing Rochkind as having "had no problem snagging the city's most beautiful women" and praising his "muscular build and a full head of hair." Dkt. 17-2 at 2. A reasonable viewer would interpret the Photograph in this context as placing Rochkind in a flattering, or at the very least neutral, light. In sharp contrast, the Screenshot in the Mic Article shrinks the Photograph considerably, and places it alongside text in which this "insufferable private equity executive" is mocked for everything from his appearance to his personality. Dkt. No. 17-4 at 2-6. This use alters the original message of the Photograph, dramatically altering the light in which it is framed and the message it conveys.

None of Plaintiff's arguments to the contrary are availing. It is true that the unauthorized use of a licensed work is not protected solely because the secondary work has a "purpose or message" that "was different from that of the appropriated material." *TCA Television Corp. v. McCollum*, 839 F.3d 168, 180 (2d Cir. 2016). Accordingly, simply reproducing a comedy routine unaltered in a play that is a "dark critique of society" will not constitute fair use if the comedy routine *itself* does not convey that "dark critique." *Id.* at 181. Here, however, the Photograph is *itself* being used to illustrate the controversy around the Post Article, as satirical commentary on the Post's reporting, and to portray Rothkind in a different light. *See Clark*,

2019 WL 1448448, at *3.  Each of these is a different purpose than the original.

In light of the above, even drawing all available inferences in Plaintiff's favor, it is implausible that Mic's use of the Photograph was not transformative in the three ways described above.  Given the importance of this sub-factor, it counts heavily in favor of finding that the use was fair.

### 2.   Defendant Used the Photograph for Commercial Benefit

Plaintiff alleges that Defendant is "a for-profit media organization that derives substantial revenues from advertising on [its website]" and that Defendant used the Photograph to generate revenue by driving page views and clicks.  Dkt. No. 17 ¶¶ 22, 25.  Accordingly, this sub-factor counts against finding fair use.  However, when the use of the work was transformative, this factor is of "less significance." *Blanch*, 467 F.3d at 254.

### 3.   Drawing All Reasonable Inferences in Plaintiff's Favor, it is Plausible that Defendant Acted in Bad Faith

Because fair use is an affirmative defense, it is Defendant's burden to show that it did not act in bad faith.  At this stage, absence of bad faith must therefore be "evident on the face of the complaint." *Kelly-Brown*, 717 F.3d at 308.  This is not so here, as viewing Plaintiff's allegations in the light most favorable to Plaintiff, Defendant cut off part of the Photograph, removing the label crediting the work to Plaintiff.  Dkt. No. 17 ¶¶ 16-18; Dkt. 17-4 at 2.  The intentional removal of a copyright mark can "suggest[] bad faith in defendant's use of plaintiff's work, and militate[] against a finding of fair us." *Rogers v. Koons*, 960 F.2d 301, 309 (2d Cir. 1992).  However, the Second Circuit has cautioned that bad faith is not "itself conclusive of the fair use question, or even of the first factor." *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 479 (2d Cir. 2004).  This sub-factor thus counts somewhat in Plaintiff's favor.

### B.    Nature of the Work

Even drawing all available inferences in Plaintiff's favor, the second factor, the nature of the work, does not point strongly in either direction.  The Second Circuit has identified two sub-factors to consider: "(1) whether the work is expressive or creative, such as a work of fiction, or more factual, with a greater leeway being allowed to a claim of fair use where the work is factual or informational, and (2) whether the work is published or unpublished, with the scope for fair use involving unpublished works being considerably narrower."  *Blanch*, 467 F.3d at 256 (citation omitted).

As to the first sub-factor, the Court agrees with Plaintiff that, while the Photograph is a relatively straightforward depiction of Rochkind, as a posed portrait it "evinces at least a modicum of artfulness, sufficient to designate it a 'creative' (rather than 'factual') work for the purposes of fair use analysis."  *Clark*, 2019 WL 1448448, at *4 (citing *Authors Guild*, 804 F.3d at 220).  However, while "[t]his classification cuts against a finding of fair use . . . this factor 'has rarely played a significant role in the determination of a fair use dispute.'"  *Clark*, 2019 WL 1448448, at *4 (quoting *Authors Guild*, 804 F.3d at 220).

For the second sub-factor, it is evident from the face of the First Amended Complaint that the Photograph was previously published when Defendant used it.  Accordingly, the second sub-factor counts in Defendant's favor.

Given the above, even drawing all available inferences in his favor, the second factor counts only slightly in Plaintiff's favor, if at all.

### C.    Amount and Substantiality

The third factor points towards a finding of fair use even when drawing all available inferences in Plaintiff's favor.  In this factor, a court will consider "the amount and substantiality of the portion used in relation to the copyrighted work as a whole."  17 U.S.C. § 107.  The

question is "whether the quantity and value of the materials used[ ] are reasonable in relation to the purpose of the copying." *Cariou*, 714 F.3d at 710 (quoting *Blanch*, 467 F.3d at 257).  The law "does not require that the secondary artist may take no more than is necessary" and "[t]he secondary use must be permitted to conjure up *at least* enough of the original to fulfill its transformative purpose." *Id.* (internal quotation marks and brackets omitted).  And if copying the original "any less would [make] the picture useless to the story[,]" the substantiality of the copying is "of little consequence." *Nunez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 24 (1st Cir. 2000) (citing *Amsinck v. Columbia Pictures Indus., Inc.*, 862 F.Supp. 1044, 1050 (S.D.N.Y. 1994)).

Here, Defendant used a significantly cropped version of the Photograph as part of a Screenshot including the Post Article's headline.  Dkt. 17-4 at 2.  Even drawing all available inferences in Plaintiff's favor, it is implausible that this was not a reasonable use of the Photograph to achieve the purpose of both identifying the object of controversy and satirizing the Post Article and Rochkind.  *See Cariou*, 714 F.3d at 710.

Plaintiff offers a number of alternatives that he claims would have been less infringing.  Even drawing all reasonable inferences in his favor, none of these are convincing.  Plaintiff contends that "Defendant could have published its news story with only the Twitter embeds, showing multiple instances of the Photograph and perfectly illustrating both the Twitter reaction and Mr. Rochkind himself." Dkt No. 22 at 21.  However, the secondary work is not required to use only the absolute minimum of the original work necessary.  *See Cariou*, 714 F.3d at 710.  The use of the Screenshot in the Mic Article's headline identified the Post Article as the subject, and it is not plausible that Mic could have achieved the same effect by burying the lede in embedded tweets.

The other alternatives are similarly implausible.  Plaintiff offers that Defendant could have shared or commented on the original story, presumably without writing their own.  But it would not be reasonable to infer that this would be a replacement for an entire article and accompanying embedded tweets.  Requiring Defendant to "publish[] its news story without any photo whatsoever," Dkt No. 22 at 21, would not be enough to achieve the transformative effect, for the reasons given above.  If "Defendant . . . commissioned its own photographer to take an original photo of Rochkind," *id.*, this would fail to produce an image that identifies the Post Article.  *See Clark*, 2019 WL 1448448, at *4.  Similarly, since Defendant uses the Photograph as part of a Screenshot to identify the Post Article itself, even drawing all available inferences in Plaintiff's favor, it is implausible that licensing the standalone Photograph would serve the same purpose.  *Id.*  ("The Screenshot showed the Photograph as used in the context of the Post Article" and accordingly "a licensed standalone image would [not] have accomplished the [transformative] purpose").

### D.      Potential Effect of the Use on the Market or Value

Finally, even drawing all available inferences in Plaintiff's favor, the fourth factor counts in Defendant's favor as well.  "When a secondary use competes in the rightsholder's market as an effective substitute for the original, it impedes the purpose of copyright to incentivize new creative works by enabling their creators to profit from them."  *Capitol Records, LLC v. ReDigi Inc.*, 910 F.3d 649, 662 (2d Cir. 2018).  The Second Circuit recently noted that the Supreme Court has described this factor as "undoubtedly the single most important element of fair use."  *Id.* (quoting *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 566 (1985)).  This factor "focuses on whether the copy brings to the marketplace a competing substitute for the original, or its derivative, so as to deprive the rights holder of significant revenues because of the likelihood that potential purchasers may opt to acquire the copy in preference to the

original." *Id.* (quoting *TVEyes*, 883 F.3d at 179). This inquiry "is necessarily intertwined with

Factor One; the more the objective of secondary use differs from that of the original, the less

likely it will supplant the commercial market for the original." *Id.* (citing *Google Books*, 804

F.3d at 223).

Here, even assuming there were a market in licensing the Photograph and drawing all

available inferences in Plaintiff's favor, it is implausible that such a market would be supplanted

by Defendant's use. As noted above, the Photograph does not appear on its own in the Mic

Article, but as part of a composite Screenshot including the Post Article's headline, the author's

byline, and the date and time. In light of the cropped and composite manner in which the Mic

Article presents the Photograph, it is implausible that potential purchasers would opt to use the

Screenshot rather than license the original Photograph. As in *Clark*, a screenshot of this kind

"does not function as an illustration of" Rochkind, "because it also contains the Post Article's

headline [and] author byline." *Clark*, 2019 WL 1448448, at *4. Thus, "the Screenshot does not

compete against the Photograph in the enterprise of depicting [Rochkind]—there is little risk that

someone looking to license or purchase an image of [Rochkind] would select the Screenshot

instead of the Photograph, thereby potentially diverting revenue to [Mic] that would have

otherwise gone to [Yang]. *Id.* (citing *Capitol Records*, 910 F.3d at 662-63). Indeed, the

argument here is even stronger than in *Clark*. Here the Photograph was cropped significantly in

size, while in *Clark* the entire original was used. *Id.* at *3. Accordingly, even drawing all

available inferences in Plaintiff's favor, it is not plausible the Screenshot would supplant the

market—if any—for licensing the Photograph.

### E.     The Totality of the Factors

In light of the above factors, even drawing all reasonable inferences in Plaintiff's favor, it

is evident on the face of the First Amended Complaint that Defendant's use was fair as a matter

of law.  Defendant's use was transformative, its use was reasonable in light of that end, the work was already published, and there is no plausible risk to any market for licensing of the original work.  This is sufficient to make out an affirmative defense of fair use at the motion to dismiss stage.

Because Defendant prevails on the issue of fair use, it is unnecessary to reach the question of whether Plaintiff adequately alleged willfulness.

## IV.   CONCLUSION

For the reasons given above, the Court hereby GRANTS Defendant's motion to dismiss. Plaintiff has already amended its claims once in response to Defendant's initial motion, which pressed the same arguments as those raised here.  Dkt. No. 12.  Moreover, Plaintiff has not requested an opportunity to amend nor stated what amendments, if any, he would seek to make. For those reasons, this dismissal is with prejudice.  *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011).  This resolves docket item number 19.  The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

Dated: September ___ 2019
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

Stephen Yang,

                Plaintiff,

    -against-

Mic Network, Inc.,

                Defendant.

------------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 9/25/19 |

18 **CIVIL** 7628 (AJN)

## **JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion & Order dated September 24, 2019, Defendant's motion to dismiss is

GRANTED. Plaintiff has already amended its claims once in response to Defendant's initial

motion, which pressed the same arguments as those raised here. Moreover, Plaintiff has not

requested an opportunity to amend nor stated what amendments, if any, he would seek to make.

For those reasons, this dismissal is with prejudice; accordingly, the case is closed.

**Dated:** New York, New York
       September 25, 2019

**RUBY J. KRAJICK**

_____
           **Clerk of Court**

**BY:**

_____
           **Deputy Clerk**

# EXHIBIT D

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stephen Yang,

                    Plaintiff,

          —v—

Mic Network, Inc.,

                    Defendant.

18-cv-7628 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff brought this action in 2018 for copyright infringement, alleging that Mic

Network used his photograph without authorization.  Defendant then moved to dismiss and, in

September 2019, the Court granted that motion in full and dismissed Plaintiff's complaint with

prejudice.  After that decision, Plaintiff moved for reconsideration of the Court's opinion, and

Defendant moved for attorney's fees and sanctions.  For the reasons that follow, the Court denies

Plaintiff's motion for reconsideration and denies Defendant's motion for fees and sanctions.

I.        BACKGROUND

Plaintiff Stephen Yang is a professional photographer who licenses his photos to online

and print media for a fee.  Complaint, Dkt. No. 17, ¶ 5.  In April 2017, Plaintiff took a

photograph of Dan Rochkind (the Photograph).  Compl. ¶ 7.  The Photograph was then licensed

to the *New York Post*, which ran an article entitled *Why I Don't Date Hot Women Anymore* about

Rochkind and his dating life (the Post Article).  Compl. ¶ 8; Dkt. No. 17-2.  The Post Article

featured the Photograph.  Compl. ¶ 8.

Soon after, Defendant Mic Network posted an article entitled *Twitter is skewering the

'New York Post' for a piece on why a man "won't date hot women"* (the Mic Article).  Compl.

¶ 11; Dkt. No. 17-4.  The Mic Article includes not the full Photograph, but rather a screenshot of the Post Article, which includes the headline of the Post Article, the author's name, the date, and roughly the top half of the photograph (the Screenshot).  Compl. ¶¶ 11–12; Dkt. No. 17-4. Defendant did not license the Photograph, nor did it have Plaintiff's permission or consent to publish the Photograph.  Compl. ¶ 13.

In August 2018, Plaintiff filed this suit for copyright infringement.  Dkt. No. 1.  After Defendant moved to dismiss, Plaintiff filed an amended complaint, which is the operative pleading in this case.  *See* Dkt. No. 17.  Defendant then renewed its motion to dismiss on the grounds that Defendant's use of the Photograph was protected by the fair-use doctrine.  Dkt. No. 19.

On September 24, 2019, the Court granted Defendant's motion and dismissed the complaint with prejudice.  *Yang v. Mic Network, Inc.*, 405 F. Supp. 3d 537 (S.D.N.Y. 2019). The Court reasoned that Defendant's use was protected as fair, primarily because it was transformative in several respects.  *Id.* at 542–545.  Following the Court's decision, Plaintiff moved for reconsideration.  Dkt. No. 28.  Defendant then moved for attorney's fees and sanctions.  Dkt. No. 30.  These two motions are now before the Court.

## II.   PLAINTIFF'S MOTION FOR RECONSIDERATION IS DENIED

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court."  *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011).  "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests

of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  A motion for reconsideration is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").  The standard for granting a motion for reconsideration "is strict and reconsideration is generally denied."  *Weiss v. City of New York*, No. 96-cv-8281 (LTS), 2003 WL 21414309, at *1 (S.D.N.Y. June 19, 2003).

Plaintiff brings three arguments in favor of reconsideration, but none succeeds.  First, he argues that the Court's earlier decision "overlooked that Plaintiff's copyrighted photograph is a separate and distinct asset from the New York Post article."  Pl. Br., Dkt. No. 29, at 3.  Yang claims that this distinction warrants reconsideration of the Court's conclusion that Defendant's use was transformative under the first fair-use factor.  To be sure, Plaintiff is correct that "Yang's ownership interest resides in the Photograph itself," not in the *New York Post* article.  *Id.* at 3–5.  However, the Court clearly and repeatedly distinguished between the Photograph and the Post Article.  *See, e.g.*, *Yang*, 405 F. Supp. 3d at 541.  And as the Court made clear, "it is clear from the face of the Mic Article that it was using the Screenshot to identify the subject of controversy—the Post Article—and to illustrate why the article has been controversial."  *Id.* at 543.  Courts have repeatedly found such uses to be transformative.  *See, e.g.*, *Barcroft Media,*

*Ltd. v. Coed Media Grp.*, LLC, 297 F. Supp. 3d 339, 352 (S.D.N.Y. 2017).  And the Court noted

that "the Mic Article uses the Photograph to place Rochkind in a harshly negative light, while the

original use of the Photograph [in the Post Article] placed him in a positive, or at least neutral

light." *Yang*, 405 F. Supp. 3d at 544–45.  The Court thus recognized the distinction between the

Photograph and the Post Article and nonetheless concluded that Defendant's use of the

Photograph was transformative.  *Accord Clark v. Transp. Alts., Inc.*, No. 18-cv-9985 (VM), 2019

WL 1448448, at *2 (S.D.N.Y. Mar. 18, 2019).  Indeed, the Court notes that Yang advanced a

substantially similar argument in opposition to Defendant's initial motion, and the Court rejected

this position.  *See* Dkt. No. 22 at 11–15.

Next, Plaintiff contends that the Court's "transformative analysis [took] for granted that

the New York Post article is a 'serious' piece of reporting . . . some may regard the New York

Post Article as 'tongue-in-cheek' and satirical in its own right."  Pl. Br. at 5–7.  However,

Plaintiff did not advance this argument in opposition to the original motion, and the Court

therefore need not consider it here.  *See Analytical Surveys, Inc.*, 684 F.3d at 62; *see, e.g.*, Dkt.

No. 22 at 17.  And even if this argument was preserved, it would still fail, as the Mic Article

would still—even accepting Plaintiff's well-pleaded allegations as true—be criticizing the Post

Article, its subject Rochkind, and how he was portrayed in the Article's image and text.

Defendant's use would therefore still be transformative.

Finally, Plaintiff argues that the Court "overlooked [the] widespread use of the

Photograph in a similar manner," which "establishes a potential market in which Yang has an

expectation to collect fees."  Pl. Br. at 7.  Again, Yang advanced this argument in opposition to

the motion to dismiss, and the Court rejected it.  *Compare* Dkt. No. 22 at 22–24 *with Yang*, 405

F. Supp. 3d at 547–48.  As the Court explained, "the Photograph does not appear on its own in

4

the Mic Article, but as part of a composite Screenshot including the Post Article's headline, the author's byline, and the date and time.  In light of the cropped and composite manner in which the Mic Article presents the Photograph, it is implausible that potential purchasers would opt to use the Screenshot rather than license the original Photograph." *Id.* at 548.  Plaintiff has not presented any new reason, let alone a change in binding law or evidence of clear error, that would support reconsidering this result.  *See Kolel Beth Yechiel Mechil of Tartikov*, 729 F.3d at 104.    The Court thus rejects this argument as a basis for reconsideration.

* * * * *

Many of Yang's arguments in support of his motion for reconsideration boil down to policy concerns.  For example, he contends that the Court "opened Pandora's box by allowing news publishers to steal photographs by means of 'composite Screenshots.'"  Pl. Br. at 5.  And he argues that the Court's decision allows "secondary publishers [to] just rip off whatever photographs they like based on some controversy raised by an accompanying literary work."  *Id.*

However, it is not the Court's role to decide each copyright dispute as a matter of first impression based upon what would make good policy.  Instead, the Court in its September 2019 Opinion applied binding Supreme Court and Second Circuit precedent to determine that Defendant's use was fair and thus protected from liability.  And in his motion for reconsideration, Plaintiff has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104.  The Court thus denies his motion for reconsideration.

### III.   DEFENDANT'S MOTION FOR FEES AND SANCTIONS IS DENIED

### A.  The Copyright Act Does Not Entitle Defendant to Fees

Defendant contends that the Copyright Act entitles it to attorney's fees of about $20,000.
Dkt. No. 31, Def. Br., at 16.  The Copyright Act provides courts discretion to award the
prevailing party in an infringement action its costs, including reasonable attorney's fees.  17
U.S.C. § 505.  An award of fees and costs is not automatic; rather, the district court has
discretion to determine whether such assessment would be fair.  *See Knitwaves, Inc. v. Lollytogs
Ltd.*, 71 F.3d 996, 1011 (2d Cir. 1995).  To determine whether fees are warranted, courts
consider "several nonexclusive factors," including "frivolousness, motivation, objective
unreasonableness[,] and the need in particular circumstances to advance considerations of
compensation and deterrence."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985
(2016) (alteration in original) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)); *see
also Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).  And in exercising its
discretion to award fees, the Court must keep in mind the Copyright Act's purpose: "enriching
the general public through access to creative works."  *Fogerty*, 510 U.S. at 527.

The Court begins with the objective reasonableness of Plaintiff's lawsuit.  A lawsuit or
litigation position is objectively reasonable if it has "a reasonable basis in law and fact."
*Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 108 (2d Cir. 2014); *see also Jovani Fashion,
Ltd. v. Cinderlla Divine, Inc.*, 820 F. Supp. 2d 569, 573 (S.D.N.Y. 2011) (position is objectively
unreasonable if it is "clearly without merit or otherwise patently devoid of legal or factual basis"
(internal quotation omitted)).  A "lack of success on the merits, without more, does not establish
that the non-prevailing party's position was objectively unreasonable."  *Overseas Direct Imp.
Co. v. Family Dollar Stores Inc.*, No. 10-cv-4919 (JGK), 2013 WL 5988937, at *2 (S.D.N.Y.
Nov. 12, 2013); *see also Kirtsaeng*, 136 S. Ct. at 1988 ("No matter which side wins a case, the

6

court must assess whether the other side's position was (un)reasonable . . . Courts every day see reasonable defenses that ultimately fail . . . .").

Here, the Court concluded that, even accepting Plaintiff's allegations as true, Plaintiff had failed to state a plausible claim for copyright infringement, as Defendant's use was transformative and thus fair for several reasons. *See Yang*, 405 F. Supp. 3d at 542. Still, although the Court granted Defendant's motion to dismiss, Plaintiff's position in bringing this lawsuit was not objectively unreasonable. Plaintiff's opposition to the motion to dismiss made reasonable arguments under the circumstances, cited applicable precedents, and gave reasoned explanations for why an action for copyright infringement should lie here. *See* Dkt. No. 22. Indeed, the Court concluded that several fair-use factors cut in favor of Plaintiff's position, though these factors were not ultimately dispositive. *See Yang*, 405 F. Supp. 3d at 546 (noting that Defendant plausibly acted in bad faith), *id.* (holding that the second fair-use factor, nature of the work, cut "slightly in Plaintiff's favor, if at all"). The Court thus cannot conclude that Plaintiff's position was "clearly without merit or otherwise patently devoid of legal or factual basis." *Jovani Fashion*, 820 F. Supp. 2d at 573.

In a strikingly similar case—involving the same attorneys as this case and brought against the same defendant—Judge Batts dismissed the plaintiff's complaint because defendant's purportedly infringing use was de minimis. *Rudkowski v. MIC Network, Inc.*, No. 17-cv3647 (DAB), 2018 WL 1801307, at **3–4 (S.D.N.Y. Mar. 23, 2018), *appeal withdrawn*, No. 18-2686, 2018 WL 6536114 (2d Cir. Nov. 2, 2018). As here, plaintiff then moved for reconsideration, and defendant moved for fees and sanctions. Judge Batts denied reconsideration, and then denied defendant's motion for fees because there was "no Second Circuit case directly addressing" the claim at issue and because "Plaintiff [had] made reasonable argument for the extension" of

binding precedent.  No. 17-cv-3647 (DAB), Dkt. No. 36 at 12–13 (S.D.N.Y. Sept. 6, 2018).  The

same is true here.  Indeed, as the Court explained in *TCA Television Corp. v. McCollum*, "the

fact that the plaintiffs' position on the fair use issue was ultimately vindicated does not require a

determination that their litigation position was objectively reasonable."  No. 15-cv-4325 (GBD),

2017 WL 2418751, at *10 (S.D.N.Y. June 5, 2017), *report and recommendation adopted*, 2018

WL 2932724 (S.D.N.Y. June 12, 2018).  Though Plaintiff was unsuccessful in this litigation, its

filing of the case and subsequent arguments were not objectively unreasonable.  The Court thus

concludes that the objective reasonableness factor cuts against fee shifting.  *See also Otto v.*

*Hearst Communications*, No. 17-cv-4712 (GHW), 2020 WL 377479, at *3 (S.D.N.Y. Jan. 23,

2020) (denying motion for fees in part because the "applicability of the fair use defense is a

complex, fact-driven inquiry . . . and the context of this case was relatively novel); *Muller v.*

*Twentieth Century Fox Film Corp.*, No. 08-cv-2550 (DC), 2011 WL 3678712, at *1 (S.D.N.Y.

Aug. 22, 2011).

 Still, "objective reasonableness [is] . . . not the controlling" factor to the fees inquiry.

*Kirtsaeng*, 136 S. Ct. at 1988.  Courts may also consider "a party's litigation misconduct,

whatever the reasonableness of his claims or defenses," and may also "deter repeated instances

of copyright infringement or overaggressive assertions of copyright claims."  *Id.*  And the Court

may consider whether either party acted with improper motivation.  *See Baker v. Urb. Outfitters,*

*Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) ("[T]he

presence of improper motivation in bringing a lawsuit or other bad faith conduct weighs heavily

in favor of an award of costs and fees.").

 The Court recognizes that Plaintiff's counsel, Mr. Richard Liebowitz, has in just a few

years "become one of the most frequently sanctioned lawyers, if not *the* most frequently

sanctioned lawyer, in the District." *Usherson v. Bandshell Artist Mgmt.*, No. 19-cv-6368 (JMF),

2020 WL 3483661, at *1 (S.D.N.Y. June 26, 2020) (emphasis in original).  Indeed, Courts in this

District have deemed Mr. Liebowitz "a copyright troll."  *See, e.g.*, *McDermott v. Monday*

*Monday, LLC*, No. 17-cv-9230 (DLC), 2018 WL 5312903, at *2, (S.D.N.Y. Oct. 26, 2018).  In

particular, Mr. Liebowitz has gained a reputation for bringing large quantities of strike suits,

including frivolous copyright claims, in an effort to cajole defendants into settlements.  *See*

*Usheron*, 2020 WL 3483661, at **1–2; *Konangataa v. Am. Broadcastingcompanies, Inc.,* No.

16-cv-7382 (LAK), 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017); *Reynolds v. Hearst*

*Commc'ns, Inc.*, No. 17-cv-6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) ("A

number [of] Mr. Liebowitz's cases have been dismissed from the bench as frivolous.") (citations

omitted).  Judge Furman summarized Mr. Liebowitz's history of misconduct at length in

*Usheron*, and the Court does not spill any more ink on it here.  *See Usherson*, 2020 WL

3483661, at *19, Appendix (collecting cases in which courts have "chastise[d] [Mr. Liebowitz],

impose[d] sanctions on him, and require[d] his clients to post bonds to cover future adverse

awards of attorney's fees and costs resulting from his misbehavior").  Needless to say, Defendant

is correct that Plaintiff's counsel has engaged in "overaggressive assertions of copyright claims,"

cutting slightly in favor of awarding Defendant fees.  *Kirtsaeng*, 136 S. Ct. at 1988.

However, the Court does not discern any improper motivation on behalf of Plaintiff in

bringing *this* case.  Indeed, though Defendant recounts at length Mr. Liebowitz's misconduct in

other litigation, the Court's focus must be on his actions in filing and litigating this case.  *See*

*Kirtsaeng*, 136 S. Ct. at 1985 (holding that courts must make a "particularized, case-by-case

assessment" to determine whether to award fees and costs).  Even though the Court has

dismissed the complaint with prejudice, this case was not objectively unreasonable and

Mr. Liebowitz made colorable arguments, both in opposition to the motion to dismiss and in support of his motion for reconsideration.  As far as the Court is aware, he did not behave improperly in the course of this litigation, and thus this factor too cuts against Defendant's request for fees.

Given the balance of these factors, the Court concludes that fee shifting is not appropriate under the Copyright Act.  *See* 17 U.S.C. § 505.  Indeed, the Second Circuit has made clear that the "principle purpose of the [Copyright Act] is to encourage the origination of creative works by attaching enforceable property rights to them." *Diamond v. Am–Law Publ'g Corp.*, 745 F.2d 142, 147 (2d Cir. 1984). "As such, the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001).  That is the case here, and the Court thus denies Defendant's request for fees under the Copyright Act. *Accord Rudkowski*, Dkt. No. 36 at 12–13.

### B.  Sanctions Are Not Warranted

Defendant also argues that that the Court should award fees as a sanction, either under its authority under a federal statute or under its inherent powers.  The Court may impose costs, expenses, and reasonable attorneys' fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  To impose sanctions under this statute, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (internal quotation marks and citation omitted).  The Court may also impose sanctions under its inherent powers against a party or attorney "who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (quoting *Chambers*

*v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)).  As a practical matter, awards made under § 1927 and the Court's inherent powers differ only in that the former may be imposed only against attorneys or other persons authorized to practice before the courts while the latter may be levied against a party as well as an attorney.  *See Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012).

Defendant's sanctions argument is simpler to resolve.  Simply, Defendant has not put forward any evidence that Plaintiff acted in bad faith.  *See Chambers v. NASCO*, 501 U.S. 32, 45–46 (1991).  Again, although Plaintiff's complaint failed to state a claim, it was not so baseless as to constitute bad faith.  Nor was Plaintiff's conduct in this litigation egregious or beyond the pale; to the contrary, Plaintiff consistently made reasonable arguments in support of his position. The Court thus denies Defendant's motion for sanctions.  *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (court may award § 1927 sanctions only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose" (cleaned up)).

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED.  This resolves Dkt. No. 28.  Moreover, Defendant's motion for attorney's fees and sanctions is also DENIED.  This resolves Dkt. No. 30.  And Plaintiff's motion to strike Defendant's July 29, 2020 filing, Dkt. No. 39, is DENIED as moot.  This resolves Dkt. No. 41.


SO ORDERED.

Dated: November 9, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge