20-4097-cv(L)
*Yang v. Mic Network*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-two.

PRESENT:     JOSÉ A. CABRANES,
                   REENA RAGGI,
                   SUSAN L. CARNEY,
                            *Circuit Judges.*

STEPHEN YANG,

         *Plaintiff-Appellant-Cross-Appellee*,          20-4097-cv(L)
                                                             20-4201-cv (XAP)
         v.

MIC NETWORK INC.,

         *Defendant-Appellee-Cross-Appellant.*

**FOR PLAINTIFF-APPELLANT:**          JAMES H. FREEMAN, Sanders Law Group, Garden City, NY.

**FOR DEFENDANT-APPELLEE:**          ELEANOR M. LACKMAN (Lindsay R. Edelstein, *on the brief*), Mitchell Silberberg & Knupp LLP, New York, NY.

       Appeals from orders and a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders and judgment of the District Court be and hereby are **AFFIRMED**.

Stephen Yang sues Mic Network Inc. ("Mic") for copyright infringement under 17 U.S.C. § 501. The copyright at issue protects a photograph of Dan Rochkind taken by Yang and licensed to the New York Post for its article *Why I Won't Date Hot Women Anymore*. Yang alleges that Mic, without obtaining a license, used a digital screenshot of the Post article—including its headline and a portion of the photograph of Rochkind—as the banner image of its article *Twitter Is Skewering the 'New York Post' for a Piece on Why a Man 'Won't Date Hot Women'*.

On September 24, 2019, the District Court granted Mic's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, concluding that its use of Yang's photograph was fair use. On September 25, 2019, judgment was entered for Mic. After unsuccessfully moving for reconsideration, Yang timely appealed this order and judgment. On November 9, 2020, the District Court denied Mic's motion for attorney's fees pursuant to 17 U.S.C. § 505 and sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent power. Mic timely cross-appealed this order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

We review the District Court's holdings on a motion to dismiss *de novo*, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010).

Fair use is an affirmative defense to claims of copyright infringement. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994). This defense is intended to protect uses of copyrighted works "for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research." 17 U.S.C. § 107. It is evaluated according to a four-factor test, which requires courts to consider:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.* The Supreme Court has stressed the importance of the first factor—concerning the purpose and character of the use—and the fourth factor—concerning the effect of the use upon the potential market for the work. *See Authors Guild v. Google, Inc.*, 804 F.3d 202, 213–14 (2d Cir. 2015).

2

To evaluate the first statutory factor, the Court considers, *inter alia*, "whether and to what extent the new work is 'transformative.'" *Campbell*, 510 U.S. at 579. Because the key to this inquiry is "how the work in question appears to the reasonable observer," it can sometimes be determined as a matter of law and "disposed of at the motion-to-dismiss stage." *Cariou v. Prince*, 714 F.3d 694, 707 (2d Cir. 2013); *accord TCA Television Corp. v. McCollum*, 839 F.3d 168, 178 (2d Cir. 2016) (recognizing the "possibility of fair use being so clearly established by a complaint as to support dismissal of a copyright infringement claim" on a motion to dismiss). We agree with the District Court that this is such a case because "the only two pieces of evidence needed to decide the question" are the original and secondary works. *Cariou*, 714 F.3d at 707 (citation omitted).

We reject Yang's arguments regarding the first statutory factor. Mic's banner image was used not only to identify the source of its criticism but also "as part of [Mic's] . . . criticism of the Post [a]rticle." App'x 153. We have held that the "use of quotations from [a course] manual to support [a] critical analys[i]s of [related] seminars is transformative." *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 477 (2d Cir. 2004). Here, the Mic article similarly uses an excerpt—in the form of a composite screenshot—to cover the public's lampooning of the Post article and provide its own commentary. Accordingly, Mic's banner image does not serve merely as an illustrative aid to describe Rochkind. Mic thus does not use Yang's photograph "for precisely a central purpose for which it was created." *Ringgold v. Black Ent. Television, Inc.*, 126 F.3d 70, 79 (2d Cir. 1997).

Nor is it decisive that the Mic article did not satirize Yang's photograph itself because "[t]he law imposes no requirement that a work comment on the original . . . in order to be considered transformative." *Cariou*, 714 F.3d at 706. And the District Court correctly discounted the other components of the first statutory factor—Mic's commercial use and alleged bad faith—in light of Mic's transformative use. *See Blanch v. Koons*, 467 F.3d 244, 254 (2d Cir. 2006) (commercial nature of use is "less significan[t]" when use is substantially transformative (citation omitted)); *NXIVM Corp.*, 364 F.3d at 479 ("[T]he bad faith of a defendant is not dispositive of a fair use defense.").

In short, the District Court properly concluded that the first statutory factor—the purpose and character of Mic's banner image—weighs in favor of finding fair use.

Regarding the fourth statutory factor, the District Court properly held that "it is implausible that [the] market [for licensing Yang's photograph] would be supplanted by [Mic's] use." App'x 160. Mic's banner image is not "a significantly competing substitute" for Yang's work because it includes, *inter alia*, the Post's headline and significantly crops the photograph. *Author's Guild*, 804 F.3d at 223. As a result, the audience for Mic's banner image "is very different from" the audience for Yang's photograph of Rochkind. *Cariou*, 714 F.3d at 709. To be sure, media outlets may be the "traditional or reasonable market" for Yang's photographs generally, and thus Yang would be deprived of licensing revenue from a traditional source had Mic simply republished a photograph of Yang's to complement its coverage of the subject of the photograph. *Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*, 11 F.4th 26, 50 (2d Cir. 2021). Because Yang has not, however, plausibly alleged that such

3

a market exists for photographs that happen to be featured in news articles criticizing the original article in which the photograph appeared, Yang's market was not plausibly harmed because Mic did not license his image. *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 929–30 (2d Cir. 1994).

The remaining factors do not counsel against a finding of fair use. The second fair use factor—the nature of Yang's work—"has limited weight in our analysis because [Mic] used [Yang's] work in a transformative manner." *Blanch*, 467 F.3d at 257. Regarding the third factor, "the law does not require that the secondary artist may take no more than is necessary." *Cariou*, 714 F.3d at 710. Instead, this factor "must be examined in context," with a focus on "whether the extent of copying is consistent with or more than necessary to further the purpose and character of the use." *Castle Rock Ent., Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 144 (2d Cir. 1998) (alterations adopted) (citation and internal quotation marks omitted). Here, the District Court properly concluded that Mic's use was "reasonable" to "satiriz[e] the Post [a]rticle." App'x 158.

Yang argues separately that Mic infringed his copyright because the banner image—including a portion of Yang's photograph of Rochkind—features prominently on its Facebook page. Yang waived this argument by not raising it before the District Court. *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (brackets and citation omitted)).

Thus, the District Court properly dismissed Yang's complaint on fair use grounds.

## II.

The District Court did not abuse its discretion in denying Mic's motion for attorney's fees and sanctions. *See Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1012 (2d Cir. 1995) (reviewing fees motion under 17 U.S.C. § 505 for abuse of discretion); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("We review all aspects of a district court's decision to impose sanctions—whether under 28 U.S.C. § 1927 or the court's inherent power—for abuse of discretion." (citation omitted)).

Regarding fees, the District Court did not abuse its discretion in holding that Yang's claims were objectively reasonable. *See Medforms, Inc. v. Healthcare Mgmt. Sols., Inc.*, 290 F.3d 98, 117 (2d Cir. 2002) (holding that, where the district court found that the plaintiff's claims "were not frivolous or objectively unreasonable," the defendants failed to show "that the court's findings . . . were an abuse of discretion"). And while the District Court correctly gave "substantial weight" to the objective reasonableness of Yang's claims, it did not erroneously treat this factor as "dispositive." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209 (2016). Instead, after carefully considering Yang's counsel's history of sanctions, the District Court reasonably found this case neither frivolous nor improperly motivated. *See id.* at 202 (noting "frivolousness" and "motivation" among "several nonexclusive factors" (citation omitted)); *see also Boesen v. United Sports Publ'ns, Ltd.*, 2022 WL 457281,

4

at *1 (2d Cir. 2022) (affirming denial of fees motion brought against same plaintiff's counsel under highly analogous facts).

Regarding sanctions, the District Court's finding that Mic proffered no "evidence that [Yang] acted in bad faith," App'x 387, was not clearly erroneous. *See Gollomp*, 568 F.3d at 368 (describing standard of review for factual findings related to sanctions motions). Nor has Mic pointed to any evidence that Yang's counsel acted in bad faith in this case. Thus, the District Court acted within its discretion in declining to impose sanctions. *See id.* (indicating that "a finding of conduct constituting or akin to bad faith" is required for sanctions under 28 U.S.C. § 1927 (citation omitted)); *accord Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (indicating that a court may sanction under its inherent powers where a party or attorney "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (citation omitted)).

## CONCLUSION

We have reviewed all of the arguments raised by Yang and Mic on appeal that cast doubt on the orders and judgment of the District Court and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 24, 2019 and November 9, 2020 orders and the September 25, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit